The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and His Honorable Court. Thank you. Please be seated. We have four cases on the argument today. The first is number 2009-1585, ADVANCED SOFTWARE v. FISERV. Mr. Rattenberg, are you ready? Thank you, Your Honor. May it please the Court, my name is Keith Ravenberg, here on behalf of the appellants. Also here is my co-counsel Michael Hartley. This case was decided on summary judgment. The court erred in granting summary judgment based upon an incorrect application of the BMC and MUNI auction principles. This court's decision from last month in Unilock against Microsoft makes it very clear what the mistake was that the district court made. The Unilock case held, with regard to the issue that's in front of this court now, that the fact that other parties are necessary to create or complete the environment in which a claimed element or process functions does not necessarily divide infringement. In that case, in other words, the court held that there can be environmental limitations in claims. So you're saying this is not a BMC MUNI auction case at all? That's correct, Your Honor. This is one in which the limitations in the preamble don't implicate another party having to perform these steps. So what does environmental limitations mean? As I take it from what the Unilock court said, an environmental limitation is an environment or a context or something in which the claim operates. In the Unilock case, the claim was a remote station, registration station, and one of the limitations said including a local unique identifier or ID-generating means. Microsoft's position, the defendant, was that they did not supply or use the end-user computers, and therefore they didn't perform all the steps of the claim. The court said no, that was just an environmental limitation. I didn't bring the opinion with me and I couldn't check it, but did the court actually use the expression environmental limitation? Yes, I didn't. Okay, well. I don't know if it said environmental limitation. Well, that's my question. I know it discussed the environment within which the rest of the claim was, but I didn't remember that they coined the term environmental limitation. I thought that was not. I think you're correct. I think you're correct, Your Honor. I think they said the environment in which the claim functions. I find environmental limitation to be a sort of a chimeric notion, and it doesn't seem to me to be very helpful. Well, if we turn to our claim. I mean, something's either a limitation or it's not, and environmental limitation suggests something that's a different animal. Well, in our case, there is not a dispute that the preamble. The preamble is where we're saying that there is an environmental limitation. The preamble describes a particular check that can be validated according to the process of the claim. So there's no dispute that this preamble includes a limitation. The dispute that's here is what is the limitation. Limitation defines the nature of the check on which the validator is operating, is what you're saying, rather than requiring that the validator do the steps to accomplish that status. That's exactly correct. The question is, does it define the check or does it add additional steps to the claim? And it does not add additional steps to the claim. The limitation needs to be there to define the check because not just any check can be validated according to this process. Can I just ask you a logistic question before we go too far? Do you need to prevail on both this issue and the claim construction issue in order to defeat judgment here? No, just this issue, Your Honor. Just this issue. And explain to me why. You don't need both. Even if we were to affirm on the claim construction, the encryption stuff, it would still not warrant the result? If you affirm the claim construction, but... The encryption in combination with, you're challenging that as well. Yes, we want to correct that construction, but it is not... So what does that have to do with the judgment here? The district court didn't rely on that construction in reaching the judgment, right? No, that would not have been. The basis for this is... You're sort of asking us for an advisory opinion on whether the district court made a mistake about that construction even though it doesn't have any relationship to the judgment that was entered against you, right? Well, I took it as a final, part of the final decision by the district judge. No, but if it's not, the judgment doesn't rest on that construction, right? It didn't do anything with it. Well, I guess that's correct, Your Honor. Judge Proce, you're correct. It's the preamble limitation issue that is determinative here. So, as the Unilock court said in response to the defendant's argument that they did not provide the end user computers and therefore didn't perform all the elements or supply all the elements of the claim, the Unilock court said that no, the patentee did exactly what the BMC court had instructed, that a patentee should focus on one entity and then to the extent necessary to find the environment in which the process has to occur or the system has to exist. There was an analogy that the court specifically included that I think is very apt here. The court said, for example, you could have an algorithm. Which court are you talking about, BMC or Unilock? Unilock, I'm sorry, Judge. An algorithm incorporating means for receiving emails. The court points out that could be a valid claim. Of course, some other party has to send the email and but to perform, to get within the claim, all you have to do is receive it. Our case is very similar to that in that, of course, another party has to prepare, create, print the check that's presented for validation and it has to be done in a particular way so that it can be validated according to the process. But that is not part of the claim language. There is a process claim. Going back to Judge Bryson's point, you're saying it's not a limitation at all. I mean, this thing about an environmental limitation is kind of confusing. I mean, Unilock keeps talking about defining the environment in which the claim functions. It doesn't kind of use the terminology and environmental limitation versus another kind of limitation. Well, I guess I would say then that what this does is define the environment in which this process occurs. The environment is that a check that's been done in a particular way is presented for validation and that check has to be done in a certain way to make it possible to be validated according to this process. Similarly, there's a system claim. Claim 9 is a system claim which says, a system for validating the authenticity of selected information found on the check. To again follow up on Judge Prost's question, suppose that someone were to use the validation method that's recited in the claim, but they were to use it with something other than a negotiable financial instrument. Would that infringe your claim? Well, I would think not because... everything south of the comprising was done exactly as you prescribe. It's just that the only thing is it's validating something other than a negotiable financial instrument. Right. The environment that's described is that what's being validated or presented or available for validation is a negotiable financial instrument and not just any negotiable financial instrument, but one that has been printed in a certain way, with data encrypted in that printed on the check as described. For the method claim then, you're claiming... I mean, is the novelty in the method? I mean, what if the... is the novelty in the preamble? It means that for a method claim, that part of the novelty of the claim is outside the claimed method? I'm not sure I follow the question. Are you claiming a write-up or method that isn't novel by relying on a preamble that is? That's the concern. The preamble is a limitation in this claim. It supplies meaning to the claim. And the difference is, the issue here is not whether it's a limitation or not. It is a limitation. The question is... The preamble is a limitation. ...is a limitation. The question is, how does it limit? Does it add additional steps that the infringer has to perform? And it does not. All it does is creates an environment or describes the environment in which the process... Well, it's a question of which... what words you want to do to describe it. Another way of saying it is, is it not fair to say that it describes an environment in which other people have to do other things? Which is what you want to avoid, obviously, because that sounds... just starts to sound like BMC. Correct. And that's why I think the Unilock case is very useful here. Because in the same way that the defendant there argued that we don't infringe the claim because we do not supply the end user's computers, the claim was directed to a remote registration station, is what it was called. And the defender operated that. And there was interaction between that. It's a computer or a computer algorithm. But there's interaction between that and the computer that the end user used. But, but this court held that it was not necessary to provide that computer as well as part of the system that was claimed. The system, the system was a remote registration station and the defendant used that or supplied that. You're essentially asking us in the preamble of claim one to read the word is as has been. I think that's, it's what the effect of it is. The claim starts off very clearly as a process for validating a negotiable financial instrument. The remaining words in the preamble until you get down to the words process comprising are the description of the environment in which it operates. And read as a whole, it's really clear that that's what it is. Also, as we pointed out in our briefs. It's not so much the environment, it's the nature of the negotiable instrument on which the validator is operating.  And I guess that is the environment. I keep using the word environment because that was the word that the court used in the Unilock case, the environment. So it's the check that's available for validation or it's the check that's presented for validation to the system according to claim nine. And it's important to keep in mind this was the third of three patents that came from the same application. And the earlier two patents both had claims that had distinct steps that were directed to both the check creation and the check validation side. And when you look at that, you can see that it's very clear that what was done here was to create a claim that read just on the validation side. Mr. Ravenberg, you're into your rebuttal time. Would you like to save it? Yes, I would, Your Honor. Thank you. Mr. McGaugh. May it please the court, counsel. I'm Tom McGaugh representing FISER. Let me start with Unilock and Mr. Ravenberg's suggestion that Unilock indicates that a claim can be drafted in order to create an environment in which the invention operates. And there's no doubt about that. That's actually, that's indisputable. The question in this case is, are these claims drafted in that form? Are they drafted in a way that creates an environment rather than stating a limitation? But I mean, the claim one begins by referring to a process of validating. It doesn't talk about the process of creating the check. It strikes me you've got a bit of a problem there. Well, actually, no, Your Honor. The process of validating includes all the pieces. There is someone called a validator who at the back end does the action of validating at that step. But that's really just comparing. A process for validating actually, as you read and we can get to the specifications later, but clearly includes four steps. It includes encryption. It includes printing. It includes decrypting or re-encrypting, depending on which way you go. And it includes comparing at the back end. That seems like pretty creative reading of validating. Isn't validating used in respect to refer to the process of determining whether the check is genuine rather than the process of creating the check in the first place? Actually not, Your Honor. If you go to column two, for example, in the background of the invention, there is a reference to several ways and types of validating. Which one are we on here? Well, you really would start about line 30, talking about prior art. And then you get down to line 48 through 50, where it talks about other check validation techniques. And it's clear, read in context, that the check validation techniques that the patent is talking about is really the whole process. What do you have to build onto the check to be compared later down the road? And so right at the beginning of claim one, where it talks about a process of validating, it's really talking about the whole package. And the question becomes, does this claim or does claim nine, how does it read? What does a clear language say? And there, I was just going to say, there, you really have to look at what the words in which or wherein modify. This is critical. It seems to me that while you may be right that the term validate could have the broader meaning that you're ascribing to it, or it could have a narrower meaning, I suppose, but we really ought to take the patentee at his word, it seems to me. And that here, the process for validating the patentee is saying comprising these steps is a way of, it seems to me, defining what the patentee means by validating. And so even if you say the validating could mean everything from the beginning of the printing of the check on in the first steps of encryption, it doesn't have to mean that. But Your Honors did, skipped over the critical portion of the text. It is a process wherein certain things happen. And then you get to the comprising. One way of saying what a process includes is to use the word comprising. Another way to say what a process includes is to say wherein. And that's what they use. They use the terms in which and wherein. And the question arises, what do those terms in which, those prepositional phrases in which or wherein, modify? Do they modify process, process of validating, or do they modify financial instrument? If you look at the column three of the patent, line 37, there's a reference that has a validation system. And then it describes the steps that Judge Bryson identified in the latter part of the patent. It doesn't, the validation system there doesn't create the check. It determines its validity.  Well, the problem is that the process of validation doesn't seem to encompass creating the check in the first place. Well, Your Honor, I would just suggest there is no way to read the entire specification as a whole, except to conclude that the invention has all four pieces in it. Well, is there any other place in the specification where validation is referred to as including the step of creating the check in the first place? I gave you the one example that I found, Your Honor. And I can't say there isn't, but I can't say, quite frankly, I can't say there is. But, of course, we really need to look at the claims first, and maybe last, but look at the claims. And to return to my point, the court has to determine what do the words, what does in which modify? What does wherein modify? If wherein or in which modifies financial instrument, then you go one way. But if wherein or in which modify process for validating, then you go the other way, and I'd suggest affirmance. Now, I used to diagram sentences in grammar school, where you draw the little diagonal line below the word to put in the preposition. I think we follow where you're going from there. It would seem to me that the question is whether your premise is correct. Correct. So how do I know? Even if in which modifies process, the question is, does in which tell us what validation is, or only tell us the setting in which validation occurs? I mean, to pick a more homely example, perhaps, you could say, what is the process of shifting the gears of a car? Now, you could say, the patentee could write that in a couple of different ways, including one, step on the clutch, two, move the gearshift, three, release the clutch, let's say. Or, it seems to me, the patentee could choose to say, well, the process of shifting the gears of a car are in a setting in which the clutch has been depressed, moving the gearshift down, A, and B, releasing the clutch. And then it seems to me to find the process not to include the depression of the clutch, don't you think? In a process in which the setting is such and such. Yeah. If they had written it that way, it perhaps would have been clear. And the setting would have set up the environment. But the problem is they didn't. They wrote the words in which and wherein. And so did my example had in which, in which the clutch has been depressed. I think you said a setting in which the clutch has been depressed. And that setting is almost synonymous with environment. All right. So I have no, I won't quarrel with you that they could have drafted this in a way that would have established it as environment. But they didn't. And why, and what other evidence is there? Well, first of all, if you look at the dependent claims, they're all set up exactly the same way. A process in which, a setting, a system wherein. And then they state the limitation. And I will suggest that if it's a limitation, it's a limitation. And as Judge Bryson suggested, calling it an environmental limitation doesn't really advance the argument. It's just vocabulary. So you've got a number of independent and dependent claims that are structured in a very particular way by the scrivener of the patent. And it's consistent throughout, that wherein, in which, define the process and our limitations on the process. If it modified negotiable financial instrument, that is, if it just described the type of financial instrument on which the code had to be found. Judge Dyke, when you asked your question about the financial instrument, you said the financial instrument on which this information is found. And that's exactly what the patent does. Six times in the first claim, it uses the frames on the financial instrument, on the financial instrument. It's drawn that distinction. So had they written the claim, a process of validating a negotiable financial instrument on which certain things were represented, that would have said one thing. But they didn't. And this is sort of incremental evidence as to what they were doing here. But more importantly, incremental evidence of what a person reading this patent would understand. Keep in mind that, and the plaintiffs conceived this, the specification is drafted to encompass an invention that performs all of these sequences. Sure, but when it refers to validation, it's talking about the encryption step and not the earlier step of creating the negotiable instrument. That's your problem. Except when it doesn't talk about validation in that context. And for that, I say column two, lines 48 through 50. What about the invalidity issue? Can we reach that? Can you, your honor? Yes, you can reach the invalidity issue. You have jurisdiction to reach it. But we have to say that, what, the district court made a mistake in dismissing the invalidity claims without prejudice? As I read the jurisdictional cases that we have cited in our brief, your honor, because an invalidity finding is broader than a non-infringement finding, we not only could, but we had to appeal the invalidity finding. Yeah, but what you're appealing is the dismissal without prejudice, right? We're appealing the final judgment, which is judgment in favor of defendants. No, but what the district, the only thing the district court did about the invalidity claims was to dismiss them without prejudice, right? Let me think. No, he denied the motion for summary of judgment. He denied the motion for summary of judgment. But then eventually he dismissed them without prejudice, right? Correct. Right? Correct. So, we would have to say that in dismissing them without prejudice, he erred, right? And would that mean that every time a district court, that happens frequently. That's the way the parties achieve finality in these things. Would that mean that every time the district court dismissed invalidity claims without prejudice, you could appeal from that? As I read the courts, and I will confess that it's not transparent on this point what can and must be appealed in a situation like this. But as I read the court's precedents, we not only could appeal it, we had to appeal it. So, you think that if you had not appealed Judge Perry's ultimate judgment in favor of your opposing party, that you would have been foreclosed from going back and reasserting invalidity? As I read the jurisdiction, if it had been the other way, if she had found for us on invalidity but not infringement, I don't believe we would have a right or an obligation to appeal. So, if you want to call it a belt and suspenders protective appeal, you can. I'm sorry, Your Honor. But, I mean, the scenario is, assuming we were to reverse on the infringement, you think you go back and you forfeited your ability to argue invalidity or whatever? I mean, she dismissed it without prejudice, right? That's what my understanding of the process is normally because we require a final judgment. We've got to get rid of all pending counterclaims. There's a dismissal without prejudice that revives itself. I think it would go back for trial on invalidity. And the invalidity would be revived. And you haven't really technically, you haven't cross-appealed on the dismissal of invalidity, right? You've kind of, you've cross-appealed on the finding of non-infringement, sort of tagging validity to that, right? Well, it is, it is tagged to that, Your Honor. As an alternative way. Yes. Yeah. Which is, I mean, there's no time we've ever done that before, right? I mean, no case we've, this court has ever. I'll defer to the court saying it's never done it. I don't know of an instance, Your Honor. If, if I could turn momentarily to the in combination with the paired argument that Your Honor asked Mr. Ravenberg about. And there again, we really need to point to the plain language. But it doesn't affect the judgment. No, Your Honor, it doesn't. But the, but the, if Your Honor is, will, is representing that you're not going to touch that judgment, I will set it aside and go back to the. I know. It might be useful. They brought, they brought the appeal here, Your Honor. We went to the other side and. Just to be, to be sure, you might, you might want to address it. Well, I have some time. Your Honor, it's essentially that in combination was stipulated in the district court to mean the same thing as encrypting a combination of. The 624 patent and the 110 language are a little bit different and stipulated to mean the same thing. So, in construing those, the district court looked at both of them. What does a combination, encrypt a combination of and encrypt in combination with mean? And the court held that the terms in combination or a combination had to have some meaning. And therefore, it had to define a step separate from the encryption. And if, if the court will look at the claims and if it deletes the terms, a combination or in combination as from the claims, they would read exactly like the plaintiffs would suggest the claims supposed to read with those terms in there. Encrypt with a key, encrypt with a key. That's the only point. It's again a plain language reading. Isn't there in the world of encryption a difference, though, between, let's say, taking the words Thomas McGuff and adding the key at the end of that, which let's say is 999. And then encrypting that versus taking the word Thomas McGuff and encrypting by or taking that and raising it to the 999th power and then encrypting that, which would be more not encrypting a combination, but encrypting in combination with. That would be a nuance I'd acknowledge, Your Honor, but it was stipulated away in the district court. The parties agreed that the court should construe the terms in combination with and a combination of identically for the 624 and the 110 patent. Thank you. Thank you. You have saved a minute of sir rebuttal in the event that you need it, Mr. McGuff, and we'll reserve that time for you. You've got serious invalidity problems here, right? I'm sorry? You have serious invalidity problems. I don't think so, Your Honor. Really? No. Three patents which talk about check encryption, right? Encryption, not of the check. There's encryption going on in connection with the check, but those patents are all directed to verifying the identity of the person who is presenting the check. I don't think that's true. If you look at it carefully, you can see that, and I think you're referring probably to Schatz and Wang and White references. Each one of those is directed to verifying the identity of the person there, which is why the key information in one specifically, it says the key information is the check number. It's key information on the check, and that's directly the opposite of what the invention here is about. The invention here is about verifying the accuracy of the data that's presented on the check to be able to catch altered checks or counterfeit checks. Two species of check fraud. There are other types of check fraud, such as stealing a check and pretending to be somebody else. That's what those other patents are directed toward. If you look, you'll find a lot of patents out there. There's a lot of art directed to different little nuances of check fraud. This is a particular one. Those are different. To the issue about whether you can reach the invalidity issue, I don't think so. But you don't disagree that at the end of the day, if we were to send this case back on infringement, that the validity counterclaim would be revived, and therefore it would be in the case? Yeah, they're free to do that. It was dismissed without prejudice. I think my understanding of the appeal, the cross appeal, was directed to the denial of summary judgment, actually, and that's premature. But if we were to conclude that it was invalid, that would also go to the finding of infringement, and it would affect the infringement result as well. If you're found invalid? Yeah. Well, yeah, I assume. I mean, I think that's their point. Right. Invalidity can be raised either as an independent counterclaim or as a defense to infringement. Of course. It seems to me Mr. McGuff is right to say that this is, in one sense, a defense, and therefore raisable even perhaps without a cross appeal. As an alternative grounds for affirmation. As an alternative grounds for affirmation. Yeah, I don't think, well, our position is that I believe that because the judge dismissed or denied both summary judgment motions because there were fact issues, I don't think it's right for this court to look at that yet. That's what happened on the counterclaim. I think I'm over my time. Unless there are any other questions, I'll leave it at that. Thank you, Mr. Rickenberg. Thank you, Your Honor. And I guess we had a little bit of discussion of the validity issue, so you have a little bit of time to discuss. I will say, Your Honor, that the invalidity arguments, I think, were about as well briefed as we could brief them, including lining up the prior art. And I would be content to submit them to the court on the briefs. Unless the court has questions. Thank you. We thank both counsel. The case is submitted. Move your argument.